FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

2014 NOV 12 P 3: 43

US DISTRICT COURT
RICHMOND, VIRGINIA

| | |
|---|---|
| BRANDON HOWARD, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 3:14cv774 (JRS) |
| | ) |
| JOHN HUNTER, | ) |
| | ) |
| *Defendants*. | ) |

## COMPLAINT

The Plaintiff, Brandon Howard, for his Complaint against the Defendants herein, says as follows:

### INTRODUCTION

1. This case arises out of the unlawful arrest and detention of Brandon Howard ("Howard"), who was arrested while lawfully in possession of a weapon and while engaging in protected speech, all without probable cause and in violation of the rights guaranteed to him by the First, Second, Fourth, and/or Fourteenth Amendments of the United States Constitution. Additionally, upon information and belief it is alleged that the baseless incarceration of Howard was motivated by his lawful possession and open carry of a firearm, and his exercise of his protected speech rights. As such, the actions taken against Howard violated his constitutional rights to lawfully engage in protected speech, and to lawfully possess a weapon as guaranteed by the First and Second Amendments to the United States Constitution.

2. Insofar as the unlawful arrest and/or detention of and retaliation against Howard were caused and/or carried out by City of Hopewell police officers or other persons acting under color of state law, Howard brings this lawsuit pursuant to 42 U.S.C. § 1983 to vindicate his federal rights as guaranteed by the First, Second, Fourth and/or Fourteenth Amendments.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, as it is an action seeking redress under the laws and statutes of the United Stated for the deprivation of rights secured by the Constitution and the laws of the United States.

4. Venue properly lies in the Eastern District of Virginia under 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to this action occurred within this District.

## PARTIES

5. Plaintiff Brandon Howard resides within the City of Hopewell, Commonwealth of Virginia.

6. Defendant Sergeant John Hunter ("Hunter") is a police officer for the City of Hopewell Police Department. He is sued in his individual capacity. In all respects set forth in this Complaint, Hunter acted under color of law of the Commonwealth of Virginia.

## FACTS

7. On Monday August 26, 2013, at approximately 5:00 PM, Howard arrived at the River Road highway overpass in the City of Hopewell, overlooking the I-295 northbound freeway in the City of Hopewell, Virginia.

8. After arriving on the overpass, Howard stood on the shoulder abutting the overpass roadway and displayed a 6 foot by 4 foot sign that said "Impeach Obama" while overlooking the I-295 northbound freeway.

9. While holding the sign, Howard had a DMTS Panther Arms AR-15 rifle, 7.62 x 39 mm slung over his shoulder on a strap, and a .380 caliber Bersa Thunder sidearm pistol in a belted holster on his waist.

10. Both weapons were lawfully owned by Howard at that time, and at no point during his time on the overpass did Howard draw or brandish either weapon.

11. For approximately thirty minutes Howard continued to lawfully display his protest sign. At no point during this time was Howard approached by any citizens, and Howard did not directly engage any citizens about his protest.

12. After approximately 30 minutes of protesting, a police officer pulled up to the area on the overpass where Howard was lawfully protesting, and parked his vehicle. The officer did not exit his vehicle at that time.

13. Shortly thereafter, three to five additional police cruisers arrived in Howard's vicinity, flashing their emergency lights, within one to two minutes of each other.

14. Once they all arrived, approximately six to eight officers exited their vehicles, with their guns drawn, commanding Howard to drop his sign and get on the ground with his hands spread above his head.

15. Howard immediately complied with the officers' orders, Watch Sergeant and Scene Commander Sergeant John Hunter stated to Howard "what do you think you are doing threatening people on my interstate," to which Howard replied that he had not threatened anyone, and that he was simply exercising his First and Second amendment rights. To this, the officer replied "not on my overpass you're not."

16. After giving his reply, Howard was approached by Hunter, and by force and/or a show of force, Hunter handcuffed Howard against his will. Howard asked if he was being arrested, and Hunter responded by saying "I'm not arresting you, I'm detaining you." Howard then asked the officer if he was free to leave, and the officer replied that he was not and that he was "being detained."

17. After being handcuffed, Howard was placed in the back of a police cruiser, and was then forcibly and against his will transported to the City of Hopewell Police Station. This was done without informing Howard of his legal rights, without informing him of any charge or complaint against him and without providing him with any basis or authorization for his arrest and detention.

18. While en route to the police station, Officer Hunter saw a man who he recognized and who was later identified as Commonwealth Attorney Rick Newman walking along the road. The officer stopped the vehicle and spoke with Newman, telling him that Howard was "threatening people on the overpass" with a gun.

19. At the time of the seizure, transportation, and detention of Howard, the Defendants did not have any probable cause to believe that Howard had committed a crime, nor did the Defendant have any legitimate or lawful basis to seize, arrest, or detain him.

20. After being forcibly seized and taken to the City of Hopewell Police Station, Howard was placed inside an interrogation room with his handcuffs still binding his hands behind his back, for over an hour and a half.

21. Howard was not interrogated or questioned in any way during the entire course of his unlawful detention.

22. After the hour and a half detention, an individual identifying himself as Officer Cheyenne entered the interrogation room where Howard was being held, removed Howard's handcuffs, and told him that he was free to leave.

23. At that time, Officer Cheyenne returned Howard's weapons and drove him back to the overpass where he had been seized.

24. Upon inspecting his returned weapons after he arrived home, Howard noticed that the muzzle of his AR-15 rifle had been damaged by Hunter after he threw the rifle in the trunk of the police car. Howard noted that the flash suppressor on the AR-15 was chipped, and the barrel was scratched. The scratch is approximately 2 ½ inches long and 1/8 inch wide.

25. Howard immediately called the police department upon his return home, and informed them about the damage to his weapon. Howard filed an official complaint with the police department concerning the damage to his rifle and his unlawful arrest.

26. Upon completion of the internal investigation by Sergeant Irons, Howard received a letter from Deputy Chief of Police for the city of Hopewell Robert Skowron dated September

20, 2013, concluding that Sergeant John Hunter was "in violation of department policy," and that he would "be disciplined according to policy guidelines and [] sent to remedial training."

27. Since the September 20, 2013 letter, Howard has not received any further contact from the Hopewell police department concerning the August 26, 2013 incident.

## FIRST CAUSE OF ACTION

### Unlawful Seizure Under the Fourth Amendment

28. The allegations of the foregoing paragraphs are re-alleged as if set out in full.

29. The actions of Defendants, as alleged herein, deprived Howard of his constitutional rights to be free from unreasonable seizure and not to be deprived of his liberty without due process of law, as guaranteed by the Fourth and Fourteenth Amendments.

30. The actions of Defendants were committed under color of state law so as to give rise to liability under 42 U.S.C. § 1983.

31. As the proximate result of said actions, Howard has sustained the damages previously set forth.

32. Pursuant to 42 U.S.C. § 1988, Howard is entitled to attorneys' fees and costs, including expert fees, incurred in bringing the claims alleged in this count.

## SECOND CAUSE OF ACTION

### Deprivation of Right to Bear Arms Under the Second Amendment

33. The allegations of the foregoing paragraphs are re-alleged as if set out in full.

34. The actions of the Defendants as alleged herein were an effort to deprive Howard of the right to keep and bear arms in a lawful manner consistent with the Second Amendment to the U.S. Constitution and pursuant to Virginia law.

35. The Defendants act of intimidation and arrest were undertaken with the intent and purpose to deprive Howard of his right to possess firearms in a manner consistent with state and federal law.

36. The actions of the Defendants in this respect were committed under color of state law and/or the law of the United States of America and deprived Howard of his right to keep and bear arms guaranteed by the Second Amendment to the United States Constitution.

37. As the proximate result of said actions, Howard has sustained the damages previously set forth.

## THIRD CAUSE OF ACTION

### Deprivation of Right to Free Speech Under the First Amendment

38. The allegations of the foregoing paragraphs are re-alleged as if set out in full.

39. The actions of the Defendants as alleged herein were an effort to deprive Howard of the right to engage in protected Speech under the First Amendment to the U.S. Constitution.

40. The Defendants act of intimidation and arrest were motivated by the desire to deprive Howard of his right to engage in lawful protest speech protected by the First Amendment.

41. The actions of the Defendants in this respect were committed under color of state law and/or the law of the United States of America and deprived Howard of his right to engage in speech guaranteed by the First Amendment to the United States Constitution.

42. As the proximate result of said actions, Howard has sustained the damages previously set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

43. That this Court award Plaintiffs nominal, compensatory and punitive damages in an amount to be determined at trial;

44. That this Court enter an order enjoining the Defendants and any officers and/or agents acting on behalf of or in conjunction with the Defendants from arresting the Plaintiff because of his exercise of his Second Amendment rights and privileges protected by the Constitution and laws of the United States;

45. That this Court order Defendants to pay Plaintiff's attorneys' fees and costs, including expert fees, pursuant to 42 U.S.C. § 1988; and

46. That this Court order any and all such other and further relief as it may deem proper.

47. A jury trial is hereby demanded.

Dated: November 10, 2014

Respectfully submitted,

_____
Raul Novo (VSB # 41065)
RAUL NOVO, LTD.
2103 Lake Ave, Richmond, VA 23230
(804) 614-6920
804-282-6459 (fax)
raulnovo2@gmail.com
Participating Attorney for The Rutherford Institute